UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOR LEONARD,<br><br>                              Plaintiff,<br><br>        vs.<br><br>COUNTY OF SAN DIEGO,<br><br>                              Defendant. | Case No.:  25cv0842-BTM (DEB)<br><br>**ORDER:**<br><br>**1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**2)  DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

Plaintiff Jason Thor Leonard, a pretrial detainee at the San Diego Central Jail at the time of the events but released from custody prior to initiating this action, is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff claims he was incarcerated at the jail for four days under unconstitutional conditions of confinement and retaliated against for complaining.  (*Id.* at 3-5.)  He has also filed a Motion to Proceed In Forma Pauperis ("IFP").  (ECF No. 2.)

## I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55,

although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

A review of Plaintiff's affidavit of assets shows he has insufficient assets to pay the filing fee. (ECF No. 2 at 1-2.) The Court **GRANTS** Plaintiff's motion to proceed IFP.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A. Standard of Review

Because Plaintiff is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc), citing *Barron v. Harrington*, 152 F.3d 1193, 1994 (9th Cir. 1998) ("The statutory authority is clear: 'the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.'"), quoting 28 U.S.C. § 1915(e)(2)(B)(ii).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws

of the United States, and (2) that the deprivation was committed by a person acting under color of state law."  *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

###    B.    Plaintiff's Allegations

Plaintiff alleges that during his incarceration as a pretrial detainee at the San Diego Central Jail from April 8-11, 2023, he was held in a holding tank, "a space designated only for short-term transfers."  (ECF No. 1 at 3.)  "During this time, Plaintiff was denied access to basic hygiene, safety, and human dignity, including: no access to a shower for multiple days; denial of a blanket or bedding despite cold temperatures and repeated requests; no bed or sleeping surface, forcing Plaintiff to sleep on a hard bench or floor for three days; repeated denial of soap to wash hands after using the toilet, despite the known spread of Covid-19 during this time; deputies mocked Plaintiff and told him to 'masturbate to keep warm' when he requested a blanket."  (*Id*. at 3-4.)

Plaintiff claims that as a pretrial detainee he was denied his Fourteenth Amendment right to be free from punitive conditions of confinement, he was subjected to cruel and unusual punishment in violation of the Eighth Amendment, and the mocking by the deputies was a violation of his First Amendment right to be free from retaliation for complaining of the conditions.  (*Id*. at 4-6.)  He claims that San Diego County, the only named Defendant, is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because the constitutional violations were a result of deliberate indifference by its jail staff and by its policies, customs, practices, or failure to train its employees.  (*Id*.)

###    C.    Conditions of confinement claim

Because Plaintiff indicates he was a pretrial detainee at the time of the events the Court will construe his conditions of confinement claim as arising under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Due process requires that a pretrial detainee not be punished.  A sentenced inmate, on the other hand, may be punished, although that punishment may not be "cruel and unusual" under the Eighth Amendment."); *see also City of Revere v. Massachusetts Gen. Hospital*, 463 U.S. 239, 244 (1983) (holding that "due

process rights" of a person who has not been convicted "are at least as great as the Eighth Amendment protections available to a convicted prisoner.")

To state a claim for unconstitutional conditions of confinement under the Fourteenth Amendment, a pre-trial detainee must plausibly allege: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries." *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Plaintiff seeks to hold the County of San Diego, the only Defendant named in the Complaint, liable under *Monell*. (ECF No. 1 at 6.) In order to state a claim for municipal liability against the County of San Diego, Plaintiff must allege that: (1) he was deprived of a constitutional right, (2) the County has a policy, custom or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom or practice was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011), citing *Monell*, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.") Municipal liability may be shown when an employee who committed the constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014), citing *Monell*, 436 U.S. at 694.

Plaintiff has not identified in the body of the Complaint a custom, policy or practice allegedly adhered to with deliberate indifference to his constitutional rights. Rather, he

alleges in a conclusory manner that the conditions of his confinement during his four days at the jail "were the result of . . . polices practices, or customs of the County of San Diego," or "were caused by a policy, custom, or failure to train or supervise employees adequately regarding humane treatment of detainees." (ECF No. 1 at 4, 6.)  These allegations fail to plausibly allege municipal liability because "proof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents" will not give rise to § 1983 municipal liability.  *Grant v. County of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014); *Monell*, 436 U.S. at 691 (for an unwritten policy or custom to form the basis of a claim, it must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice).  Liability based on custom, practice or policy "may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Facts regarding the specific nature of the policy, custom or practice are required.  *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (a complaint with bare allegations of a municipal policy fails to state a claim where it does not "put forth additional facts regarding the specific nature of this alleged policy, custom or practice.")

Likewise, the allegation that the conditions of his confinement were caused by a failure to train jail staff fails to allege the County "was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights."  *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014), citing *Connick v. Thompson*, 563 U.S. 51, 58 (2011).  To state a *Monell* claim, Plaintiff must allege a pattern of similar constitutional violations, because isolated incidents are insufficient to allege that the County was put on "notice that a course of training is deficient in a particular respect" and that "the absence of such a course will cause violations of constitutional rights."  *Id*.; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995) (holding that short term or temporary deprivations of basic needs such as food, clothing, shelter and sanitation do not plausibly allege a

constitutional violation); *Hernandez*, 666 F.3d at 637 (applying *Iqbal*'s pleading standards to *Monell* claims); *Iqbal*, 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quote marks omitted).

If Plaintiff wishes to proceed with a claim against the County of San Diego, he must set forth factual allegations which identify a San Diego County custom, policy or practice and plausibly allege a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Collins v. County of Harker Heights*, 503 U.S. 115, 123 (1992); *Connick*, 563 U.S. at 60 (in order to impose liability on a local government under § 1983 a plaintiff must plead and prove that an "action pursuant to official municipal policy" caused their injury). Otherwise, Plaintiff must allege a failure to train or that an "individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Rodriguez v. County of L.A.*, 891 F.3d 776, 802-03 (9th Cir. 2018).

Although the County of San Diego is the only named Defendant, Plaintiff also states that: "Defendants are sued in their individual and official capacities; their identities are unknown at this time but will be substituted once discovered." (ECF No. 1 at 3.) If Plaintiff intends to name one or more individual deputies or jail staff as a defendant, he must set forth factual allegations identifying individual acts or omissions by such persons which resulted in a constitutional violation. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

Plaintiff's Fourteenth Amendment claim is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. *Lopez*, 203 F.3d at 1126-27.

### D.   Retaliation claim

Plaintiff alleges that: "The mocking and degrading comments by deputies violated Plaintiff's right to human dignity and served no legitimate penological purpose, potentially

chilling Plaintiff's ability to speak up or file grievances - a violation of the First Amendment." (ECF No. 1 at 5-6.)  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (2005).  The adverse action need not be an independent constitutional violation.  *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) ("[A] retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment rights.")  Plaintiff must allege a causal connection between the adverse action and the protected conduct.  *Watison*, 668 F.3d at 1114.

Plaintiff's allegations of retaliation are entirely conclusory, as there are no *factual* allegations plausibly indicating that any person took any action because of Plaintiff's protected conduct.  *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (concluding that, in the absence of factual allegations to the contrary, it would be "sheer speculation" to assume that prison officials retaliated on the basis of an inmate's First Amendment activity); *see also Iqbal,* 556 U.S. at 678 (the "mere possibility of misconduct" falls short of meeting the plausibility standard).  Absent factual allegations plausibly alleging a causal connection between adverse actions and Plaintiff's protected conduct, the Complaint fails to state a retaliation claim.  *Watison*, 668 F.3d at 1114; *Rhodes*, 408 F.3d at 568.

Plaintiff's First Amendment retaliation claim is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.  *Lopez*, 203 F.3d at 1126-27.

### E.    Leave to Amend

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible claim and is therefore subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2). Because Plaintiff is proceeding pro se, the Court will grant him an opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)]

unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

## III.   Conclusion and Orders

For the reasons explained, the Court:

1.     **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2];

2.     **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted.  The Amended Complaint must be complete by itself without reference to the original pleading.  Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")  If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated:  July 24, 2025

Hon. Barry Ted Moskowitz
United States District Judge