# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON THOR LEONARD,<br><br>                Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO and UNKNOWN DEPUTIES,<br><br>                Defendant. | Case No.: 25cv0842-BTM (DEB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

      Plaintiff Jason Thor Leonard, a pretrial detainee at the San Diego Central Jail at the time of the events but released from custody prior to initiating this action, is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On July 24, 2025, the Court granted Plaintiff leave to proceed in forma pauperis and screened his complaint pursuant to 28 U.S.C. § 1915(e)(2), which requires *sua sponte* dismissal of a complaint brought by a person proceeding in forma pauperis which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. (ECF No. 3.) The complaint was dismissed without prejudice and with leave to amend for failure to state a claim after Plaintiff was notified of the pleading defects of his claims. (*Id*. at 3-8.) He has now filed a First Amended Complaint. (ECF No. 4.)

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A. Standard of Review

Because Plaintiff is proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2). The Court must *sua sponte* dismiss a complaint, or any portion of it, brought by a person proceeding in forma pauperis which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc), citing *Barron v. Harrington*, 152 F.3d 1193, 1994 (9th Cir. 1998) ("The statutory authority is clear: 'the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.'"), quoting 28 U.S.C. § 1915(e)(2)(B)(ii).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Plaintiff's Allegations

Plaintiff alleges that while incarcerated as a pretrial detainee at the San Diego Central Jail from April 8-11, 2023, he was "confined in a holding tank not intended for multi-day housing for four consecutive days." (ECF No. 4 at 2-3.) Plaintiff alleges he was denied bedding, blankets or a proper sleeping surface despite repeated requests, and had to sleep

on cold concrete or a hard bench. (*Id*. at 4.) When he complained it was cold, deputies mocked him and told him to "masturbate to keep warm" rather than address his needs. (*Id*.) He alleges he was denied access to showers, soap or hygiene supplies, even after using the toilet, exposing him to a risk of infection during a Covid-19 outbreak. (*Id*.)

Plaintiff alleges in claim one that the individual Defendants, San Diego Sheriff's deputies whose names are unknown to him, violated his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment by their deliberate indifference to his health and basic needs of warmth and sanitation because their actions served no legitimate penological purpose and exposed him to a serious risk of harm. (*Id*. at 4-6.) He alleges in claim two that Defendant San Diego County is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because it failed to properly train its deputies and maintained policies, customs or practices which were the moving force behind the decision to confine him under unconstitutional conditions. (*Id*. at 6-8.)

### C.     Analysis

Because Plaintiff indicates he was a pretrial detainee at the time of the events, the Court will construe his conditions of confinement claim as arising under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be "cruel and unusual" under the Eighth Amendment."); *see also City of Revere v. Massachusetts Gen. Hospital*, 463 U.S. 239, 244 (1983) (holding that "due process rights" of a person who has not been convicted "are at least as great as the Eighth Amendment protections available to a convicted prisoner.")

To state a claim for unconstitutional conditions of confinement against an individual defendant under the Fourteenth Amendment, a pre-trial detainee must plausibly allege: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to

abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries." *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

In order to state a claim for municipal liability against the County of San Diego under *Monell*, Plaintiff must allege that: (1) he was deprived of a constitutional right, (2) the County has a policy, custom or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom or practice was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011), citing *Monell*, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.") Municipal liability may be shown when an employee who committed the constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014), citing *Monell*, 436 U.S. at 694.

The Court informed Plaintiff in the prior screening order that he had not identified a custom, policy or practice by the County of San Diego allegedly adhered to with deliberate indifference to his constitutional rights, but had merely alleged in a conclusory manner that the conditions of his confinement during his four days at the jail were the result of such policies. (ECF No. 3 at 4-5.) He was instructed that such allegations fail to plausibly allege municipal liability because "proof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents" will not give rise to § 1983 municipal liability, and that liability based on custom, practice or policy "may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." (*Id.*,

citing *Grant v. County of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014), *Monell*, 436 U.S. at 691 (for an unwritten policy or custom to form the basis of a claim, it must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice) and *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).)  Plaintiff was instructed that facts regarding the specific nature of the policy, custom or practice are required.  (*Id*. at 5, citing *Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (a complaint with bare allegations of a municipal policy fails to state a claim where it does not "put forth additional facts regarding the specific nature of this alleged policy, custom or practice.'"))  He was also instructed that his allegation that the conditions of his confinement were caused by a failure to train jail staff failed to allege the County "was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights," and that to do so he must allege a pattern of similar constitutional violations, because isolated incidents are insufficient to allege that the County was put on "notice that a course of training is deficient in a particular respect" and that "the absence of such a course will cause violations of constitutional rights."  (*Id*. at 5-6, citing *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014), *Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995) (holding that short term or temporary deprivations of basic needs such as food, clothing, shelter and sanitation do not plausibly allege a constitutional violation), *Hernandez*, 666 F.3d at 637 (applying *Iqbal*'s pleading standards to *Monell* claims) and *Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quote marks omitted).)

Plaintiff has not cured any of those pleading defects with respect to a claim against the individual Defendants or the County of San Diego.  He has once again failed to set forth *factual* as opposed to conclusory allegations identifying a San Diego County custom, policy or practice or plausibly allege a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  *Collins v. County of Harker Heights*, 503 U.S. 115, 123 (1992); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (in order to impose

liability on a local government under § 1983 a plaintiff must plead and prove that an "action pursuant to official municipal policy" caused their injury).

Plaintiff has also once again failed to set forth factual allegations identifying individual acts or omissions by the individual Defendants which resulted in a constitutional violation or an injury of any type. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."); *Gordon*, 888 F.3d at 1125 (a plaintiff must plausibly allege he was confined under conditions which put him at a substantial risk of suffering serious harm, that a defendant did not take reasonable available measures to abate that risk, and "by not taking such measures, the defendant caused plaintiff's injuries."); *Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995) (holding that short term or temporary deprivations of basic needs such as food, clothing, shelter and sanitation do not plausibly allege an Eighth Amendment violation).

### D.   Leave to Amend

Accordingly, the Court finds that Plaintiff's FAC fails to state a plausible claim for relief under 42 U.S.C. § 1983 and is therefore subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2). *Lopez*, 203 F.3d at 1126-27. Although it appears unlikely that Plaintiff can state a claim based on his allegations, because he is proceeding pro se, the Court will grant him a final opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

## II.   CONCLUSION AND ORDERS

For the reasons explained, the Court **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of

pleading noted. The Second Amended Complaint must be complete by itself without reference to the original pleading. Defendants not named and any claim not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.") If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated: November 10, 2025

Hon. Barry Ted Moskowitz
United States District Judge