UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JASON THOR LEONARD,

                                    Plaintiff,

        vs.

COUNTY OF SAN DIEGO and
UNKNOWN DEPUTIES,

                                    Defendant.

Case No.:  25cv0842-BTM (DEB)

**ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)**

On April 7, 2025, Plaintiff Jason Thor Leonard, a pretrial detainee at the San Diego Central Jail at the time of the events but released from custody prior to initiating this action, proceeding pro se, filed a civil complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff claimed that the conditions during his four-day confinement at the San Diego Central Jail in April of 2023 constituted cruel and unusual punishment arising from deliberate indifference to his health, and that he was retaliated against for complaining. (*See id*. at 3-5.)  On July 24, 2025, the Court granted Plaintiff leave to proceed in forma pauperis and screened his complaint pursuant to 28 U.S.C. § 1915(e)(2), which requires *sua sponte* dismissal of a complaint brought by a person proceeding in forma pauperis which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who

are immune.  (ECF No. 3.)  The complaint was dismissed with leave to amend for failure to state a claim after Plaintiff was notified of its pleading deficiencies.  (*Id*. at 3-8.)  Plaintiff thereafter filed a First Amended Complaint which repeated the conditions of confinement claim but dropped the retaliation claim.  (ECF No. 4.)

On November 10, 2025, the Court screened the First Amended Complaint and dismissed it for failure to state a conditions of confinement claim for the same reasons the original Complaint failed to state such a claim.  (ECF No. 5 at 5-6.)  Although it appeared unlikely Plaintiff would be able to cure the defects of pleading to plausibly state a claim for relief, he was granted one final opportunity to amend.  (*Id*. at 6.)  On January 2, 2026, Plaintiff filed a Second Amended Complaint ("SAC").  (ECF No. 6.)  The Court finds, for the following reasons, that the SAC fails to state a claim upon which relief may be granted for the same reasons the prior versions of the complaint failed to state a claim, and that it is now clear Plaintiff is unable to further amend his pleading to plausibly state a 42 U.S.C. § 1983 claim for relief.  Thus, the Court dismisses the SAC without further leave to amend.

I.    **SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

A.    **Standard of Review**

Because Plaintiff is proceeding IFP, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2).  The Court must *sua sponte* dismiss a complaint, or any portion of it, brought by a person proceeding in forma pauperis which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc), citing *Barron v. Harrington*, 152 F.3d 1193, 1994 (9th Cir. 1998) ("The statutory authority is clear: 'the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.'"), quoting 28 U.S.C. § 1915(e)(2)(B)(ii).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  A complaint must "contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.    Plaintiff's Allegations

Plaintiff alleges that from April 8-11, 2023, he was "confined continuously in a holding tank at the San Diego Central Jail. The holding tank was not designed or intended for overnight or multi-day housing, but rather for short-term processing, consistent with widely recognized correctional standards." (ECF No. 6 at 3.) "Plaintiff was provided no mattress, no bedding, no blanket, and no insulated sleeping surface. Plaintiff was forced to sleep either directly on cold concrete flooring or on a hard bench, despite repeatedly requesting basic bedding." (*Id*. at 4.) He alleges the holding tank was cold and he experienced prolonged exposure to low temperatures. (*Id*.) In response to his requests for bedding or a blanket, "Defendant Deputies mocked Plaintiff and told him to 'masturbate to keep warm,' rather than providing any measure to abate the cold." (*Id*.) Plaintiff also alleges he was "denied access to showers, soap or basic hygiene supplies, including after using the toilet. This occurred during a period in which Covid-19 remained a known and ongoing infectious risk in custodial facilities." (*Id*. at 5.)

Plaintiff alleges in claim one that the individual Defendants, San Diego Sheriff's deputies whose names are unknown to him, violated his Fourteenth Amendment due process right as a pre-trial detainee to be free from punishment by being exposed to "a substantial risk of harm, including hypothermia, musculoskeletal injury, sleep deprivation, and infection." (*Id*. at 8-9.) He alleges in claim two that Defendant San Diego County is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because it maintained policies, customs or practices which were the moving force behind the constitutional violation, including a practice of using holding tanks for prolonged detention

due to overcrowding, a custom of denying bedding and hygiene items in holding areas for extended periods, and a failure to train its deputies regarding housing conditions of pretrial detainees outside regular housing units.  (*Id*. at 10-11.)

### C.   Analysis

"Due process [under the Fourteenth Amendment] requires that a pretrial detainee not be punished.  A sentenced inmate, on the other hand, may be punished, although that punishment may not be "cruel and unusual" under the Eighth Amendment."  *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see also City of Revere v. Massachusetts Gen. Hospital*, 463 U.S. 239, 244 (1983) (holding that "due process rights" of a person who has not been convicted "are at least as great as the Eighth Amendment protections available to a convicted prisoner.")  To state a claim for unconstitutional conditions of confinement against an individual defendant under the Fourteenth Amendment, a pre-trial detainee must plausibly allege: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries."  *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

In order to state a claim for municipal liability against the County of San Diego under *Monell*, Plaintiff must allege that: (1) he was deprived of a constitutional right, (2) the County has a policy, custom or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom or practice was the moving force behind the constitutional violation.  *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011), citing *Monell*, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy,

25cv0842-BTM (DEB)

inflicts the injury that the government as an entity is responsible under § 1983.") Municipal liability may be shown when an employee who committed the constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014), citing *Monell*, 436 U.S. at 694.

The Court informed Plaintiff in the prior screening orders that he had not identified a custom, policy or practice by the County of San Diego allegedly adhered to with deliberate indifference to his constitutional rights, but had merely alleged in a conclusory manner that the conditions of his confinement during his four days at the jail were the result of such policies. (ECF No. 3 at 4-5; ECF No. 5 at 4-5.) He was instructed that such allegations fail to plausibly allege municipal liability because "proof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents" will not give rise to § 1983 municipal liability, and that liability based on custom, practice or policy "may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Grant v. County of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014), *Monell*, 436 U.S. at 691 (for an unwritten policy or custom to form the basis of a claim, it must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice) and *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).) Plaintiff was twice instructed that factual allegations regarding the specific nature of the policy, custom or practice are required. (ECF No. 3 at 5; ECF No. 5 at 5, *both* citing *Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (a complaint with bare allegations of a municipal policy fails to state a claim where it does not "put forth additional facts regarding the specific nature of this alleged policy, custom or practice.")) He was also twice instructed that his allegation that the conditions of his confinement were caused by a failure to train jail staff failed to allege the County "was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights," and that to do so he must allege a pattern of similar constitutional violations,

because isolated incidents are insufficient to allege that the County was put on "notice that a course of training is deficient in a particular respect" and that "the absence of such a course will cause violations of constitutional rights." (ECF No. 3 at 5-6; ECF No. 5 at 5-6, *both* citing *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014), *Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995) (holding that short term or temporary deprivations of basic needs such as food, clothing, shelter and sanitation do not plausibly allege a constitutional violation), *Hernandez*, 666 F.3d at 637 (applying *Iqbal*'s pleading standards to *Monell* claims) and *Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quote marks omitted).)

Plaintiff has once again failed to cure any of those pleading defects with respect to a claim against the County of San Diego. He has once again failed to set forth *factual* as opposed to conclusory allegations identifying a San Diego County custom, policy or practice, or plausibly allege a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Collins v. County of Harker Heights*, 503 U.S. 115, 123 (1992); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (in order to impose liability on a local government under § 1983 a plaintiff must plead and prove that an "action pursuant to official municipal policy" caused their injury). Rather, he continues to rely on the conditions of his confinement for the four-day period he was incarcerated at the jail to support his conclusion and supposition that they were the result of a custom, policy or practice of San Diego County regarding the manner in which he was confined.

Even if Plaintiff could satisfy the custom, policy or practice pleading standard as to a claim against the County, he has also once again failed to set forth factual allegations identifying a constitutional violation or an injury necessary to state a claim against the County or the individual Defendants, and it is now clear he is unable to do so. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against

25cv0842-BTM (DEB)

society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quote marks and citation omitted); *see also Anderson v. County of Kern*, 45 F.3d 1310, 1312-13 (9th Cir. 1995) (holding that short term or temporary deprivations of basic needs such as food, clothing, shelter and sanitation do not plausibly allege a constitutional violation); *Gordon*, 888 F.3d at 1125 (a plaintiff must plausibly allege he was confined under conditions which put him at a substantial risk of suffering serious harm, that a defendant did not take reasonable available measures to abate that risk, and "by not taking such measures, the defendant caused plaintiff's injuries.")  Plaintiff's allegations of a four-day uncomfortable stay at the jail without bedding or showers which exposed him to, but did not result in, injury are not sufficient to plausibly allege a Fourteenth Amendment violation.  *Hudson*, 503 U.S. at 9; *Anderson*, 45 F.3d at 1312-13; *Gordon*, 888 F.3d at 1125; *see also e.g. North v. Salazar*, No. 25cv1750-WQH (LR), 2025 WL 3208842, at *4 (S.D. Cal. Nov. 17, 2025) (collecting cases and noting that the Ninth Circuit and district courts have found deprivation of bedding and showers for four, seven and nine days did not violate the Eighth Amendment); *Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (noting that to constitute punishment under the Fourteenth Amendment, the governmental action must cause harm that "either significantly exceeded, or be independent of, the inherent discomforts of confinement."), citing *Bell*, 441 U.S. at 538 (holding that for a governmental action to constitute punishment under the Fourteenth Amendment the action must cause the pre-trial detainee to suffer some harm).

The Court finds that Plaintiff's SAC fails to state a plausible claim for relief under 42 U.S.C. § 1983 and is therefore subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). Because it is now clear Plaintiff cannot state a claim, the dismissal is without further leave to amend.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar*

25cv0842-BTM (DEB)

*v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also United States ex rel. Insoon Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.")

## II.    CONCLUSION AND ORDERS

The Court **DISMISSES** Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) without further leave to amend.  The Clerk of Court will enter a final judgment accordingly.

**IT IS SO ORDERED.**

Dated:  March 2, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

25cv0842-BTM (DEB)